## FRANK B. SPEAR AND JOHN W. SPEAR v. MARQUETTE, HOUGHTON & ONTONAGON RAILROAD COMPANY.

*Damage by sparks from locomotive.*

Persons who have authorized the use of a locomotive on their premises, and have known of its use and acquiesced in it, have no right of action for damage done to their property by fire set by sparks from such locomotive.

Error to Marquette. Submitted Oct. 4. Decided Oct. 18.

CASE. Plaintiffs bring error. Affirmed.

*W. H. Maynard* and *Dan H. Ball* for appellants.

*W. P. Healy* for appellee.

CAMPBELL, J. This case comes up on a re-trial of the same issues referred to in a former decision of this court, reported in 44 Mich. 170. The damage sued for was for a loss by the burning of a warehouse and some hay in and near it, from fire set by sparks from a locomotive.

We do not discover any material difference between the present record and the former one, so far as the rules of responsibility are concerned. The track on which the locomotive ran is on plaintiffs' premises and built for the convenience of such business as was done with them individu-

ally or as warehousemen. The only right the railroad company had was through a contract with plaintiffs. It appears that locomotives were not generally, if ever, used to bring cars on to the dock, as they were usually run down an inclined track. Cars to be taken to the road from the dock were drawn by locomotives.

The locomotives used were for reasons owing to the arrangements on the dock, required to be small ones, and the locomotive named the "Birchrod" was the one generally used, and it was this one which caused the injury. The plaintiffs knew of its use and there is nothing to indicate on this record that they did not approve it. Engines were not sent unless there were cars to be drawn off, and usually plaintiffs sent for them.

Without dwelling on the facts which, as already stated, do not seem to us to introduce any new element into the cause, we think, as we held before, that the use of this engine was with the knowledge and acquiescence of the plaintiffs on their own premises, and that they cannot complain of what they have authorized.

The judgment must be affirmed with costs.

The other Justices concurred.